**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------X
SAM COSTANZA,

                      Plaintiff,

    -against-

BREAKING NEWS NETWORK, INC.,

                      Defendant.
------------------------------------------------X

**COMPLAINT**

Case No.: _____

Plaintiff, Sam Costanza, by his attorney, The Rose Law Group, PLLC, upon information and belief, complains as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to 17 U.S.C. § 101 *et seq* (the "Copyright Laws") for Defendant's blatant and purposeful infringement of the copyright photograph which Plaintiff has exclusive rights to own, publish, and profit. Defendant stole a photograph which Plaintiff owns and which was exclusively licensed to the Daily News, L.P. from the internet and then published it as their own in violation of the Copyright Laws.

### JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the Court by 17 U.S.C. § 101 *et seq*.

3. This Court has personal jurisdiction over Defendant because, among other things, Defendant does business within the State of New York including but not limited to its reporting on events in New York and photographs taken of events within New York which are published on their website.

4. Venue is proper in this district based upon Plaintiff's principle place of business being within New York County, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

5. That at all times relevant hereto, Plaintiff Sam Costanza ("Costanza") has as his principle place of business New York County in New York, New York.

6. Plaintiff Costanza is a photographer with a contract with the Daily News, L.P. to provide photographs of breaking news of the highest quality.

7. Defendant Breaking News Network, Inc. ("BNN") is a news agency. According to its website, Defendant "BNN has a full time staff of news and public safety professionals dedicated to providing real-time notification of news events as they occur."

8. Defendant BNN has its corporate headquarters at 336 Godwin Ave, Midland Park, New Jersey 07432.

9. At all relevant times, Plaintiff had no business or other relationship with Defendant.

## MATERIAL FACTS

10. On December 28, 2017 there was a devastating fire in the Bronx, New York where there were multiple fatalities.

11. Reporting on this event was highly sought after as it was happening and it has continued to be remembered as an important moment in the City's history.

12. Plaintiff Costanza went to the location on the day of the fire and took the iconic photograph of the event which was immediately published on the New York Daily News's website.

13. Plaintiff Costanza licensed this photograph to the New York Daily News but did not authorize any other individual or entity to use the photograph.

14. Plaintiff Costanza owns the rights to this photograph and has not to this day licensed the use to anyone else.

15. Plaintiff Costanza has copyrighted this photograph, a copy of which is included here:



16. Plaintiff Costanza had this photograph registered with the United States Copyright Office under Registration Number VA 2-094-686.

17. Defendant BNN then took this photograph from the Daily News' website and published it on their website with a watermark stating "Image is copyrighted by the photographer BreakingNews"

18. A copy of that photograph is included here:



19. Upon information and belief this photograph is identical except for the watermark and the Defendant claimed falsely a right to a copyright.

20. Later, when Defendant BNN was contacted about this photograph, Defendant BNN admitted that they were not licensed to use the photograph and removed it.

21. However, the photograph was published for a period of time without licensure permitting Defendant BNN to profit from the copyrighted work of Plaintiff.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF 17 U.S.C. § 101 *et seq*

22. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

23. Defendant willfully published for their own profit and as part of their business a photograph which is and was owned by Plaintiff without permission of license.

24. That photograph is copyrighted in Plaintiff's name in case number 1-6379318141.

25. This constitutes a violation of 17 U.S.C. § 106 which provides for exclusive use and publication to Plaintiff.

26. Defendant's infringement was knowingly undertaken as evidenced by their false claim of copyright ownership.

27. This violation was part of their business model and provided profit to Defendant.

28. Defendant's infringement has caused irreparable harm to Plaintiff by reducing the value of the work.

**WHEREFORE**, Plaintiff respectfully request a judgment against the Defendant:

A. Declaring that Defendant infringed on his copyright material;

B. Ordering Defendant to provide a full accounting for all profits or use of the copyright materials by Defendant;

C. Awarding Plaintiff all damages provided under 17 U.S.C. § 504(c) in the amount of

$150,000.00 for a willful violation of the law;

D. Awarding Plaintiff punitive damages and liquidated damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses pursuant to 17 U.S.C. § 505 incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
       November 6, 2018

                                         **THE ROSE LAW GROUP, PLLC**

                                         _____
                                         Jesse C. Rose (JR-2409)
                                         3109 Newtown Avenue
                                         Suite 309
                                         Astoria, New York 11102
                                         PH: (718) 989-1864
                                         Fax: (917) 831-4595